## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONAN ENECON CASH PEREZ** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| **v.** | : | |
| | : | **CIVIL ACTION** |
| **MARKWAYNE MULLIN, in his Official** | : | |
| **Capacity, Secretary of the U.S. Department** | : | |
| **of Homeland Security;** *et al.,* | : | |
| | : | |
| | : | **No. 26-4092** |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW,** this 16th day of June, 2026, upon consideration of Jonan Enecon Cash Perez's

Petition for Writ of Habeas Corpus (ECF No. 1), and the Government's Answer (ECF No. 4) it is

hereby **ORDERED** that the petition is **GRANTED.**[1]

---

[1] Petitioner Jonan Enecon Cash Perez is a 48-year-old native of Guatemala who has lived in the interior of the United States for approximately two decades. ECF No. 1 at 2. He has no criminal history. *Id*. Petitioner is currently detained at FDC Philadelphia. *Id*. at 3–4. Petitioner entered the United States without inspection approximately two decades ago and has lived in the interior of the country without incident since that time. *Id*. at 4. He has been placed in removal proceedings before the Elizabeth Immigration Court and is charged under INA § 212(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled, or who arrived at a time or place other than as designated by the Attorney General. *Id*. at 6. DHS does not classify him as an "arriving alien," and instead identifies him as an individual present in the United States without lawful admission, thereby placing him within the jurisdiction of the Immigration Court for full removal proceedings. *Id*. On June 15, 2026, Petitioner filed this habeas petition, seeking immediate release from custody. ECF No. 1.

The government acknowledges this is a "Hurtado" case where the government has detained Petitioner under 8 U.S.C. § 1225(b)(2)(A). ECF No. 4 at 3. According to the government, Petitioner crossed the U.S.-Mexico border without inspection at an unspecified time. Id. On June 10, 2026, Petitioner was arrested, detained by ICE under 8 U.S.C. § 1225(b)(2)(A), and placed into removal proceedings. *Id*. The government further acknowledges that its position that noncitizens like Petitioner are subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) has been rejected by the vast majority of district courts. *See id*. at 2–3. It will come as no surprise to the government that this Court once again rejects its position and holds Petitioner's detention without a bond hearing violates the INA.

Individuals like Petitioner, who have lived in the United States for years, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). A non-citizen is only subject to mandatory detention under § 1225(b)(2) if he (1) is an "applicant for admission"; (2) is "seeking admission"; and (3) is "not clearly and beyond a doubt entitled to be

It is **FURTHER ORDERED** as follows:

1. Jonan Enecon Cash Perez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall immediately release Jonan Enecon Cash Perez from custody.

3. Respondents shall certify compliance with this order by filing proof of his release and stating the time and manner of release on the docket no later than 10:00 A.M. E.S.T. on June 17, 2026.

4. Respondents are temporarily enjoined from re-detaining Jonan Enecon Cash Perez for seven days following his release from custody.

---

admitted." 8 U.S.C. § 1225(b)(2)(A); *see Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399, at *6 (E.D. Pa. Nov. 14, 2025) (Wolson, J.). "'Seeking admission' describes active and ongoing conduct—physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization." *Kashranov*, 2025 WL 3188399, at *6. It does not describe individuals who have been in the United States for several years. Id. Petitioner was seeking admission when he entered the United States approximately two decades ago. He is no longer seeking admission now. Section 1225(b)(2)(A), therefore, does not apply. *See, e.g.*, *Ramirez v. Bondi*, No. 26-0522, 2026 WL 321442 (E.D. Pa. Feb. 6, 2026) (Rufe, J.); *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026) (Kenney, J.); *Restrepo v. Jamison*, No. 2:25-cv-6518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) (Leeson, J.); *Chavez v. McShane*, No. 25-6968, 2026 WL 120671 (E.D. Pa. Jan. 16, 2026) (Costello, J.); *Muzofirov v. Jamison*, No. 25-7371, 2026 WL 126153 (E.D. Pa. Jan. 16, 2026) (Scott, J.); *Kanaut v. Rose*, No. 24-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026) (Hodge, J.); *Rios Porras v. O'Neill*, No. 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlestone, J.); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025) (Padova, J.); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Rodriguez Pereira v. O'Neill*, No. 25-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Juarez v. O'Neill*, No. 25-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Nogueira-Mendes v. McShane*, No. 25-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Diallo v. O'Neill*, No. 25-6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Morocho v. Jamison*, No. 25-cv-05930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Espinal Rosa v. O'Neill*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sanchez, J.); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

For the same reasons set forth in *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025), and *Kashranov*, 2025 WL 3188399, which the Court adopts herein, 8 U.S.C. § 1226(a) applies to Petitioner. Individuals detained under § 1226(a) are entitled to seek a bond hearing before an Immigration Judge. Petitioner's detention without a bond hearing is, therefore, unlawful, and he is entitled to habeas relief. The appropriate relief for unlawful detention is immediate release.

5. If Respondents pursue re-detention of Jonan Enecon Cash Perez, they must first provide him with a bond hearing, pursuant to 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

BY THE COURT:

_____

HON. MIA R. PEREZ